IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 20, 2014 Session

TIMOTHY DAVIS, AS SURVIVING SPOUSE AND NEXT OF KIN
OF KATHERINE MICHELLE DAVIS
v.
MICHAEL IBACH, M.D., AND MARTINSON ANSAH, M.D.

An Appeal from the Circuit Court for Dyer County
No. 2009-CV-65      William B. Acree, Judge

No. W2013-02514-COA-R3-CV - Filed July 9, 2014

This is a medical malpractice wrongful death action. After the plaintiff filed this lawsuit, he timely filed a certificate of good faith, as required by the medical malpractice statute. The certificate did not include a statement that the executing party had "zero" violations of the statute. The defendants filed a motion to dismiss based on this omission. The plaintiff in turn filed a notice of voluntary nonsuit without prejudice. The defendants objected to a dismissal without prejudice. The defendants argued that, if the certificate of good faith does not strictly comply with the statutes, the trial court must dismiss the case with prejudice. The trial court granted the voluntary nonsuit without prejudice, and the defendants now appeal that decision. Discerning no error, we affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Timothy G. Wehner and Ashley D. Cleek, Jackson, Tennessee; Robert A. Talley and Jennifer S. Harrison, Memphis, Tennessee; and Hubert B. Jones, Dyersburg, Tennessee, for the Appellants, Michael Ibach, M.D., and Martinson Ansah, M.D.

Charles M. Agee, Jr., and W. Lewis Jenkins, Jr., Dyersburg, Tennessee, for the Appellee, Timothy Davis[1]

---

[1]Attorney Agee represented the Appellee in the trial court and on appeal, but Attorney Jenkins represented the Appellee on appeal only.

## OPINION

### FACTS AND PROCEDURAL BACKGROUND

The pertinent facts in this case are undisputed. On November 25, 2008, the plaintiff's decedent, Katherine Michelle Davis, underwent an outpatient surgical procedure. After the procedure, Mrs. Davis experienced complications that later proved to be fatal. She died on November 28, 2008.

On May 18, 2009, Mrs. Davis's husband, Plaintiff/Appellee Timothy Davis ("Plaintiff"), filed this medical malpractice action[2] against two of Mrs. Davis's treating physicians, Defendants/Appellants Michael Ibach, M.D., and Martinson Ansah, M.D. (collectively "Defendants"). The Plaintiff alleged in his complaint that the Defendants' medical negligence caused the pain, suffering, and wrongful death of Mrs. Davis.[3]

On September 18, 2009, counsel for Defendant Dr. Ibach wrote the Plaintiff's counsel to remind him that he did not file a certificate of good faith by August 17, 2009, as required by Tennessee Code Annotated § 29-26-122.[4] He asked counsel for the Plaintiff to comply with the statute by September 21, 2009, "to avoid the necessity of a motion to dismiss." As requested, the Plaintiff's counsel filed a certificate of good faith by September 21, 2009. Discovery ensued, and the case proceeded in due course.

Years later, on May 13 and 14, 2013, the Defendants filed separate motions to dismiss based on the Plaintiff's failure to comply with Section 29-26-122.[5] In their motions, the Defendants

---

[2]The General Assembly amended the Tennessee Medical Malpractice Act to replace the term "medical malpractice" with "health care liability," effective April 23, 2012. *See* Act of April 23, 2012, ch. 798, 2012 Tenn. Pub. Acts. The complaint in the instant case was filed on May 18, 2009, before the amendment became effective. In this opinion, we refer to the version of the statute that was in effect on the date the complaint was filed.

[3]Derek Mullinix, M.D., and Dyersburg Regional Medical Center were named as defendants in the original complaint but are not involved in this appeal.

[4]Although the version of the statute in effect at the time required the plaintiff to file the certificate of good faith within 90 days of the complaint, the current version of the statute requires the plaintiff to file the certificate contemporaneously with the complaint.

[5]Apparently, the motions to dismiss were prompted by the Tennessee Court of Appeals' decision in *Vaughn v. Mountain States Health Alliance*, No. E2012-01042-COA-R3-CV, 2013 WL 817032 (Tenn. Ct. App. Mar. 5, 2013), *perm. app. denied* (Tenn. May 15, 2014), in which the Court of Appeals held that a certificate
(continued...)

argued that the certificate of good faith filed by the Plaintiff did not comply with the statute because it did not list the number of prior violations of the statute by the Plaintiff's counsel — which was "zero" — as required by the version of subsection (d)(4) in effect at that time.[6] The Plaintiff filed a response to the motions, and the Defendants filed a reply to the response.

On August 26, 2013, the trial court conducted a hearing on the motions to dismiss. After the hearing, the trial court took the matter under advisement.

The next day, before the trial court had ruled on the motions to dismiss, the Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice pursuant to Rule 41.01 of the Tennessee Rules of Civil Procedure. On September 3, 2013, the Defendants filed a joint response in opposition to the voluntary dismissal. The Defendants argued in their response that the trial court could not allow voluntary dismissal without prejudice of the Plaintiff's claim because Section 29-26-122 requires dismissal *with* prejudice when the certificate of good faith does not comply with the statute. Because the certificate filed by the Plaintiff was plainly noncompliant with the statute, the Defendants argued, the trial court was without authority to allow a voluntary nonsuit without prejudice.

The trial court held a telephonic hearing on September 6, 2013. That same day, the trial court entered an order granting the voluntary nonsuit without prejudice. In its order, the trial court held that the issue was governed by ***Robles v. Vanderbilt University Medical Center***, M2010-01771-COA-R3-CV, 2011 WL 1532069 (Tenn. Ct. App. Apr. 19, 2011), in which the Court of Appeals upheld a trial court's decision to permit the plaintiff to take a voluntary nonsuit without prejudice when the plaintiff failed to file any certificate of good faith at all. The order entered by the trial court below held in the alternative that the certificate filed by the Plaintiff was proper and that it substantially complied with the statute. It reasoned, "[I]f there are no prior violations, there is nothing to disclose. The statute does not state that zero prior violations must be disclosed." In addition, the trial court held that the Defendants' motions to dismiss, based on a noncompliant certificate of good faith, were not filed in a timely manner. For these reasons, the trial court granted the Plaintiff a voluntary nonsuit without prejudice. From this order, the Defendants now appeal.

---

[5](...continued)
that did not include the number of prior violations, even if the number was zero, did not comply with the statute. ***See also Caldwell v. Vanderbilt Univ.***, No. M2012-00328-COA-R3-CV, 2013 WL 655239 (Tenn. Ct. App. Feb. 20, 2013), *perm. app. denied* (Tenn. June 13, 2013).

[6]The Defendants also argued in their motions to dismiss that the certificate of good faith was untimely because it was filed outside the 90-day time frame, but that part of the motion was withdrawn. Therefore, ultimately, the Defendants relied solely on the fact that the Plaintiff's counsel did not state in his certificate that he had zero prior violations.

On appeal, the Defendants challenge all of the alternative bases for the trial court's decision. In our view, however, the pivotal issue is whether the trial court had authority to dismiss the case without prejudice pursuant to Tenn. R. Civ. P. 41.01 if the Plaintiff's certificate of good faith does not comply with Section 29-26-122.[8] This is purely a question of law, which we review *de novo* on appeal. ***See Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.***, 418 S.W.3d 547, 553 (Tenn. 2013).

The trial court in this case cited this Court's holding in ***Robles*** as the primary basis for its decision. In ***Robles***, the plaintiffs did not file a certificate of good faith at all, and the defendants filed a motion to dismiss on that basis. After the motion to dismiss was filed but before it was argued, the plaintiffs filed a notice of voluntary nonsuit. Based on the notice of voluntary dismissal, the trial court entered a judgment dismissing the case without prejudice. ***Robles***, 2011 WL 1532069, at *1. The defendants appealed. The issue presented on appeal was "[w]hether, after plaintiffs' complaint was due to be dismissed *with prejudice* based on their conceded violation of the good faith certification requirements of Tenn. Code Ann. § 29-26-122, the trial court erred in allowing plaintiffs to circumvent § 29-26-122 by taking a voluntary nonsuit in order to obtain a dismissal of this litigation *without prejudice*." ***Robles***, 2011 WL 1532069, at *1 (emphasis in original).

As in the instant case, the defendants in ***Robles*** argued that, because the dismissal for noncompliance of the statute had to be *with* prejudice, "allowing the plaintiffs to voluntarily dismiss the action without prejudice is contrary to the statutory mandate." ***Id.*** at *2. The appellate court disagreed. After discussing the interplay between Section 29-26-122 and Rule 41.01, the ***Robles*** court held that dismissal of the action "with prejudice" based on the language of Section 29-26-122 "is not automatic." ***Id.*** at *3. It reasoned, "Nothing in the

---

[7]The Plaintiff argues that this Court does not have subject matter jurisdiction to hear the Defendants' appeal because the Plaintiff had an absolute right to nonsuit this case, and this Court has no authority to interfere with that right. We recognize that "the general rule is that a plaintiff or defendant cannot appeal . . . from . . . a judgment, order, or decree in his own favor, since he is not aggrieved thereby. . . . And a defendant is not aggrieved by a voluntary dismissal or nonsuit." ***Huggins v. Nichols***, 440 S.W.2d 618, 620 (Tenn. Ct. App. 1968) (quoting 4 C.J.S. Appeal and Errors § 183, pp. 565, 566, and 567). In this case, however, we find that the Defendants are aggrieved by the denial of their motions to make the dismissal of the case *with* prejudice, and so hold that we have subject matter jurisdiction to hear this appeal. ***Id.*** at 619-20.

[8]In this appeal, we assume *arguendo*, without deciding, that the certificate of good faith filed by the Plaintiff in this case was noncompliant with the statute because it did not state that the executing party had "zero" prior violations of the statute. We also assume for purposes of this appeal that the Defendants' motions to dismiss were timely.

statute operates to prevent a plaintiff from exercising the right to voluntarily dismiss the action without prejudice." *Id.* Accordingly, the appellate court affirmed the trial court's dismissal of the lawsuit without prejudice pursuant to Rule 41.01.

The Defendants in the instant case acknowledge *Robles* but argue that we should decline to follow it. They contend that we should instead adopt the reasoning of the federal trial court in *Duncan v. Medical Education Assistance Corp.*, No. 2:12-CV-182, 2013 WL 1249574 (E.D. Tenn. Mar. 27, 2013). In *Duncan*, under circumstances similar to those presented in this case, the federal district court reached a conclusion contrary to that in *Robles* and denied the plaintiff's motion for voluntary dismissal without prejudice.[9] The district court in *Duncan* questioned the continued validity of *Robles* in light of the Tennessee Supreme Court's decision in *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300 (Tenn. 2012). In *Myers*, the Supreme Court held that, because the filing of a good faith certificate is mandatory, strict compliance with the statute is an imperative and the statutory requirement is "not subject to satisfaction by substantial compliance." *Myers*, 382 S.W.3d at 310-11.

The reasoning advanced by the Defendants was recently rejected by this Court. *See Stovall v. UHS of Lakeside, LLC*, No. W2013-01504-COA-R9-CV, 2014 WL 2155345 (Tenn. Ct. App. Apr. 22, 2014). In *Stovall*, a medical malpractice action, the defendants filed a motion to dismiss. The defendants argued that dismissal was required because the plaintiff's certificate of good faith did not state that the executing party had zero prior violations of the good faith certificate statute. The trial court held a hearing on the motion, and at the conclusion of the hearing it issued an oral ruling granting the motion to dismiss. *Id.* at *2. However, before the trial court entered a written order, the plaintiff filed a motion for an extension of time in which to file a corrected certificate of good faith pursuant to Tennessee Code Annotated Section 29-26-122(c). The trial court decided to change its previous oral ruling and entered a written order denying the defendants' motion to dismiss. The written order found good cause to give the plaintiff an extension of time in which to file a certificate of good faith that complied with the statute. *Id.* at *3. The defendants were then granted permission to file an interlocutory appeal.

---

[9]Notably, the federal counterpart to Rule 41.01 — Federal Rule of Civil Procedure 41(a)(2) — states that a party who wishes to voluntarily dismiss an action against a party who has filed an answer or motion for summary judgment must seek an order of the court or a stipulation. The court may grant the request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the court." *Duncan*, 2013 WL 1249574, at *2. This is different from Tennessee Rule 41.01, which provides that a plaintiff has "right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause," with certain exceptions. Tenn. R. Civ. P. 41.01

The appellate court in *Stovall* upheld the trial court's decision. It held that the trial court had authority to extend the time for filing a compliant certificate of good faith and that it did not abuse its discretion in holding that the plaintiff had shown "good cause" for the extension. *Id.* at *7. Relying on *Robles*, the *Stovall* Court stated that, "based on the plain language of Tennessee Code Annotated Section 29-26-122(c), the plaintiff's failure to timely file a 'certificate of good faith in compliance with this section,' is not always fatal to the plaintiff's claim." *Id.* at *8 (quoting Section 29-26-122(c)). Rather, it held, the statute permits the plaintiff to late-file the certificate of good faith under some circumstances and "dismissal of the action with prejudice based on the fact that the certificate was not filed with the complaint is not automatic." *Id.* (quoting *Robles*, 2011 WL 1532069, at *3). Because it held that the trial court had authority to extend the time for filing a compliant certificate of good faith, the *Stovall* Court did not address whether the original certificate of good faith complied with the statute.

In the case at bar, we agree with the trial court below. Factually, there is a difference between *Robles* and the instant case, in that the Plaintiff herein filed an allegedly noncompliant certificate of good faith, while the plaintiffs in *Robles* filed no certificate at all. This factual difference does not affect our analysis. *Robles* has not been abrogated, and nothing in the statute governing certificates of good faith precludes a plaintiff from exercising the "free and unrestricted" right to dismiss an action without prejudice provided in Tenn. R. Civ. P. 41.01. *Robles*, 2011 WL 1532069, at *3. Thus, under *Robles*, we find no error in the trial court's decision to permit the Plaintiff to voluntarily dismiss the case without prejudice under these circumstances. All other issues raised and not directly addressed in this opinion are pretermitted by this holding.

### CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are to be taxed to the Appellants, Michael Ibach, M.D., and Martinson Ansah, M.D., and their surety, for which execution may issue, if necessary.


_____
HOLLY M. KIRBY, JUDGE